UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:14-cr-379-T-36TGW

SIMON BOLIVAR FERRERAS
TRINIDAD
_____/

**O R D E R**

This matter comes before the Court upon Defendant's Motion for Judicial Notice (Doc. 570), to which the Government responded in opposition. Doc. 579. In the motion, Defendant contends that his prison term is almost completed, and the Government has not moved for a reduction of his sentence based on his substantial assistance. The Court, having considered the motion and being full y advised in the premises, will deny Defendant's Motion for Judicial Notice.

**I. Statement of Facts**

On October 28, 2015, this Court sentenced Defendant to a term of imprisonment of sixty-three months. Doc. 407. At the time, the Government had filed a motion for downward departure, pursuant to U.S.S.G. § 5K1.1, based upon Defendant's substantial assistance, which the Court granted. *See* Docs. 401, 406.

**II. Legal Standard**

Under Rule 35(b), "[u]pon the government's motion," the district court may reduce a defendant's sentence if the defendant provided substantial assistance in investigating or prosecuting another defendant. Fed. R. Crim. P. 35(b). When the defendant has provided substantial assistance, the government has the power, but not the duty, to file a substantial assistance motion. *See Wade v. United States*, 504 U.S. 181, 185 (1992) (addressing the government's failure to file a substantial assistance motion in the U.S.S.G. § 5K1.1 context);

*United States v. McNeese*, 547 F.3d 1307, 1308–09 (11th Cir. 2008) (applying *Wade* in the Rule 35(b) context).

Federal courts may review the government's refusal to file a substantial assistance motion only if the defendant makes a "substantial threshold showing" that the refusal was based on an unconstitutional motive, such as race or religion. *Wade*, 504 U.S. at 185–86. However, "[a] defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009). However, "judicial review *is* appropriate when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation…." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis in original).

**III.   Discussion**

Defendant filed this motion seeking review by the Court of the Government's failure to file a Rule 35 motion for a further reduction in his prison term due to post-sentencing substantial assistance to the Government. Doc. 570. The Government responded that the Defendant's cooperation continues but is not complete. Thus, it argues, Defendant has not substantially assisted the Government. Doc. 579 at 2. The Government maintains that it will recognize post-sentencing substantial assistance, absent any intervening adverse information, upon prosecution of all relevant Defendants. *Id*.

Defendant maintains that he has assisted with the prosecution of Carlos Archivol in Colombia. Doc. 570 at 1. But the Government responds that it has once again contacted the agents involved in this case; neither they, nor the Assistant United States Attorney responding to the

motion, are aware of any enforcement action taken as a result of the Defendant's cooperation. Doc. 579 at 2. The Government states unequivocally that no arrests have been made due to the cooperation provided by the Defendant. *Id*.

After careful consideration, this Court finds that Defendant's motion must be denied, as it is without merit. The record is devoid of any evidence of law enforcement action taken as a result of Defendant's cooperation. Moreover, Defendant has neither alleged nor provided a substantial showing that the Government's refusal to file a Rule 35 motion for reduction of sentence is based on a constitutionally impermissible motive. Therefore, Defendant's motion will be denied.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion for Judicial Notice (Doc. 570) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 6, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any